UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 3:25-cr-361 |
| VERSUS | Judge Doughty |
| IYESATA MARSH | Magistrate Judge McCluskey |

### MEMORANDUM IN SUPPORT OF MOTION TO QUASH

The grand jury's power, although expansive, is limited by its function toward possible return of an indictment. *Costello v. United States*, 350 U.S. 359, 362 (1956); see also United States Department of Justice, Justice Manual, *Section 9-11.120 - Power of a Grand Jury Limited by Its Function;* https://www.justice.gov/jm/jm-9-11000-grand-jury#9-11.120. "Accordingly, the grand jury cannot be used solely to obtain additional evidence against a defendant who has already been indicted." United States Department of Justice, Justice Manual, § 9-11.120, citing *United States v. Woods*, 544 F.2d 242, 250 (6th Cir. 1976), cert. denied sub nom., *Hurt v. United States*, 429 U.S. 1062 (1977).

"[P]rosecutorial agents may not use the Grand Jury for the primary purpose of strengthening its case on a pending indictment or as a substitute for discovery, although this may be an incidental benefit." *United States v. Beasley*, 550 F.2d 261, 266 (5th Cir. 1977) (citing *Beverly v. United States*, 468 F.2d 732 (5th Cir. 1972)). It is "well settled" in the Fifth Circuit that the United States Attorney "may not use

4

the grand jury in place of discovery for the purpose of preparing a pending indictment for trial." *United States v. Ruppel*, 666 F.2d 261, 267–68 (5th Cir. 1982).

Iyesata Marsh was charged by criminal complaint on December 1, 2025, with one count of Bank Fraud in violation of 18 U.S.C. § 1344 and one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A. *See* Docket 1. She was arrested in her home district of the Eastern District of New York on December 2, 2025, where she was ordered released pending a preliminary hearing in this district.

On December 2, 2025, the United States Attorney sent a letter to Judge Cheryl Pollak in the Eastern District of New York. *See* Docket 7-4. The purpose of the letter was to attempt to persuade Judge Pollack that this low level white-collar criminal defendant in a $49,000 case was somehow a flight risk. *Id*. at p.1. The government's allegation against Ms. Marsh is that she "applied for and obtained an auto loan from J.P. Morgan Chase Bank, N.A. ("Chase"), a federally insured deposit institution that processed the subject loan in Monroe, Louisiana." *Id*. In attempting to convince Judge Pollak that Ms. Marsh is a flight risk, the government proffered that:

> The financing records list a telephone number and an email account ("Email Account 2") that are used by Marsh. Specifically, Marsh is the subscriber of a cloud storage account in her name with an internet services provider that uses Email Account 2. That cloud storage account is also used to back up the same telephone account number that Marsh used on the financing records. Email Account 2 appears to be the primary email account used by Marsh. For example, it is listed on at least one bank account in her name. By contrast, Email Account 1, which was provided as Victim 1's email

5

> address on the financing records, appears to have been used by Marsh and potentially others in connection with the fraud scheme. Specifically, records obtained pursuant to an order issued under 18 U.S.C. § 2703(d) establish that Email Account 1 was created on December 23, 2022, using a version of Victims 1's name. This was the same date of a credit score document for Victim 1 located in the financing records. Additionally, the phone number and Email Account 2 that Marsh used for herself on the financing application with Dealership 1 are the subscriber phone number and the recovery email address for Email Account 1.

Docket 7-4 at p.2

The government also represented to Judge Pollak that the alleged victim in this case had reported the claimed forgery to Chase and to the police almost a year ago, in January 2025. *Id.* at p. 2.

On December 11, 2025, the government issued a Grand Jury subpoena to Google LLC, asking the company to produce 14 categories of documents related to two mail accounts, one of which is "iyesatamarsh@gmail.com." *See* Exhibit 1. This is the email that was listed for Ms. Marsh on the car purchase and financing paperwork, which the government referred to as "Email Account 2" in its letter to Judge Pollak. *See* Exhibit 2; 7-4.

On December 17, 2025, the Grand Jury indicted Ms. Marsh and her nephew Thomas Emanuel Coates. *See* Docket 10. The charges are one count of Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349, one count of Bank Fraud in violation of 18 U.S.C. § 1344(2), and one count of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1). *Id.*

In this case, the government has been investigating the alleged crime since at least January of 2025. Docket 7-4 at p. 2. The FBI has been conducting surveillance in the Eastern District of New York and has been using 2708(d) orders to obtain subscriber information. Docket 7-4 at p. 2. In their haste to charge Ms. Marsh, however, they apparently did not obtain subscriber information related to the Gmail account that they hope to tie to Ms. Marsh. On December 11, 2025, they sent a subpoena to Google to gather that missing evidence. *See* Exhibit 1. But the subpoena required Google to provide the subscriber information in January 2026 — long after Ms. Marsh was scheduled to be indicted. Indeed, she and her nephew now *have* been indicted, and the only possible purpose of permitting Google to respond to the subpoena would be for "strengthening [the government's] case on a pending indictment or as a substitute for discovery," which is an impermissible abuse of the grand jury process. *Beasley*, 550 F.2d at 266. Because it is "well settled" in the Fifth Circuit that the United States Attorney "may not use the grand jury in place of discovery for the purpose of preparing a pending indictment for trial" (*Ruppel*, 666 F.2d at 267–68) and because the subpoena seeks information to be delivered weeks *after Ms. Marsh has actually been indicted*, the subpoena should be quashed.